UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON MARK HART, <br><br> Plaintiff, <br><br> v. <br><br> DAN SCHNEEWEISS, ET AL.,, et al., <br><br> Defendant. | CASE NO. C19-01193-RAJ-BAT <br><br> **ORDER DENYING SECOND MOTION FOR COURT-APPOINTED COUNSEL** |

On June 2, 2020, plaintiff filed a second motion for appointment of counsel. Dkt. 30. Plaintiff does not have a constitutional right to appointed counsel in his § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may appoint counsel in "exceptional circumstances." *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

The Court evaluates both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved" to decide if exceptional circumstances exist. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A plaintiff must show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may

ORDER DENYING SECOND MOTION FOR
COURT-APPOINTED COUNSEL - 1

be better served with the assistance of counsel is not grounds to appoint counsel. *Rand*, 113 F.3d at 1525.

Plaintiff second motion seeks counsel for the same reasons he presented in his first motion: he has mental health problems. *See* Dkt. 11. However, plaintiff has successfully filed a serviceable complaint, motions for counsel, motions to extend time, a motion for default and a lengthy response to defendants' pending motion for summary judgment. This demonstrates plaintiff has an adequate ability to articulate the factual and legal basis of his claims. Furthermore, plaintiff's claims relate to the involuntary administration of psychiatric medication and, based upon the record presently before the Court, neither the factual or legal basis for these claims are particularly complex. Finally, at this stage of the case, the Court is unable to properly assess whether plaintiff is likely to succeed on the merits of his claims. Thus, at this point, plaintiff has not met his burden of showing a likelihood of success on the merits or that he is unable to articulate his claims *pro se* in light of the complexity of the legal issues involved.

As plaintiff has failed to demonstrate extraordinary circumstances exist requiring the appointment of counsel. The Court DENIES without prejudice the second motion for appointment of counsel. Dkt. 30. The Clerk shall provide a copy of this order to the parties.

DATED this 5th day of June, 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING SECOND MOTION FOR
COURT-APPOINTED COUNSEL - 2