UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON MARK HART,<br><br>Plaintiff,<br><br>v.<br><br>DAN SCHNEEWEISS, et al.,<br><br>Defendant. | CASE NO. C19-01193-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S RULE 60 AND 55 MOTIONS** |

Before the Court are plaintiff's motion to vacate the Court's partial grant of summary judgment under Fed. R. Civ. P. 60(b)(3) and motion for default judgment under Rule 55. Dkt. 45-46. The Court recommends denying both motions.

In July 2019, plaintiff filed a pro se prisoner civil rights action under 42 U.S.C. § 1983 against PMHNP Calvin Cogburn and Dr. Dan Schneeweiss, alleging he was involuntarily medicated in violation of the prison's policy; he was improperly placed at custody level I and was "purposefully misdiagnosed" and forced to take medication "to cover for a level 3 grievance against Dr. Daniel Varnell at Washington State Penitentiary"; defendants used excessive force and failed to complete use of force reports for each of the injections; and he was harmed by the antipsychotic medications administered. Dkt. 4.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S RULE 60 AND 55 MOTIONS -
1

1   On October 19, 2020, the Honorable Richard A. Jones partially granted defendants'
2   motion for summary judgment, Dkt. 19, and ordered: (1) all claims against Dan Schneeweiss are
3   dismissed; (2) all Fourth Amendment, Eighth Amendment, Fourteenth Amendment substantive
4   Due Process claims, and state law assault and battery claims are dismissed; and (3) all claims
5   against defendants Schneeweiss and Cogburn based upon classification as custody level I are
6   dismissed without prejudice for failure to state a claim. Dkt. 41. Defendant Cogburn's motion to
7   dismisse the procedural due process claim was denied without prejudice as was defendants'
8   request plaintiff be assessed a strike under 28 U.S.C. 1915(g). *Id.*

9   On December 10, 2020, plaintiff filed a motion to vacate Judge Jones's December 19,
10  2020 order under Fed. R. Civ. P. 60(b)(3), and a motion for default judgment under Rule 55. Dkt.
11  45-46.

12  **A.   Rule 60(b)(3) Motion**

13  Plaintiff requests the Court grant Rule 60(b)(3) "relief from a judgment" on the following
14  grounds:

> 18 US Code 2017, Here now comes Jason Mark Hart against ARNP Calvin Cogburn in this default judgment as stated in Rule 55 Default; Default Judgement 18 US Code 2017 concealment, removal, or mutilation R. 60(b)(3) <u>Misconduct</u> R.60(b)(3) 1) Derelection of duty & <u>unlawful</u> dishonest or improper behavior <u>concealment:</u> 1. The act of preventing disclosure or refraining from disclosing: esp. the Injurious or intentional suppression or nondisclosure of facts that one is <u>obliged</u> to reveal. 2. The Act of removing from sight or notice removal or <u>mutilation</u> 1. Th act or instance of rendering a document legally ineffective by subtracting or altering but not completely destroying an essential part through <u>cutting, tearing burning or</u> erasing mutilation <u>under 18 US Code 2071 is</u> unlawful <u>misconduct.</u> The plaintiff hereby moves the court to render a default judgment and award a sum certain.

Dkt. 45.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S RULE 60 AND 55 MOTIONS -
2

In order to obtain Rule 60(b)(3) relief, plaintiff must "prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented [him as] the losing party from fully and fairly presenting [a] defense." *Casey v. Albertson's Inc*., 362 F.3d 1254, 1260 (9th Cir. 2004) (quotation omitted). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho v. Custom Food Machinery, Inc*., 206 F.3d 874, 880 (9th Cir. 2000) (citation omitted) "Courts possess the inherent power to vacate or amend a judgment obtained by fraud on the court." *Dixon v. Comm'r*, 316 F.3d 1041, 1046 (9th Cir. 2003) (citing *Toscano v. Comm'r*, 441 F.2d 930, 933 (9th Cir. 1971)). But, "that power is 'narrowly construed, applying only to fraud that defiles the court or is perpetrated by officers of the court'" *United States v. Chapman*, 642 F.3d 1236, 1240 (9th Cir. 2011) (quoting *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960)). Additionally, Rule 60(b)(3) "require[s] that fraud ... not be discoverable by due diligence before or during the proceedings." *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir.1991).

Plaintiff's motion is murky at best. Plaintiff seems to claim discovery violations by making allegations such as defendants engaged in "intentional suppression or nondisclosure of facts" through mutilation, removal, and destruction. But these allegations are conclusory and fail to articulate the basis for the claimed wrongdoing or fraud plaintiff contends compels relief under Rule 60(b)(3). The Court accordingly recommends that plaintiff's Rule 60(b)(3) motion be denied.

**B.    Motion for Default Judgment**

Plaintiff also filed a motion for default judgment under Rule 55(b)(2)(D) in which he contends:

> 18 USC Code 2071 Here now comes Jason Mark Hart against ARNP Calvin Cogburn who violated 18 US Code 2017 concealment, removal, <u>mutilation</u> of evidence, medical records medical malpractice and by definition of "Black's Law Dictionary" 11th Edition 'default judgment' (16c). 2. A judgment entered as a penalty against a party who does not comply with an order esp. an order to comply with a discovery request. I am not an attorney diagnosed with a grave disability of the mind, dementia, DSL4-5 terminal progressive deterioration of the brain and organic disorder affecting memory perception organization, ect functions of the brain, I conveyed something 5-15 minutes no recollection of what just read, however if Dan Schneeweiss act of defendant turn all <u>forgery erasure</u> medical malpractice mutilate <u>and attempt to</u> conceal felony.

Tr. 46.

Federal Rule of Civil Procedure 55(a) states "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff fails to establish he is entitled to default judgment. He presents nothing showing defendants have failed to respond or properly defend. Rather, the motion for default raises the same claims raised in plaintiff's Rule 60(b) motion. The Court accordingly concludes plaintiff is not entitled to default judgment.

## CONCLUSION

The Court recommends plaintiff's motions for Rule 60(b)(3) relief and for default judgment under Rule 55 be denied. Tr. 45-46.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **December 28, 2021.** Because **January 1, 2021 is a holiday, t**he Clerk should note the matter for **January**

REPORT AND RECOMMENDATION ON
PLAINTIFF'S RULE 60 AND 55 MOTIONS -
4

**4, 2021**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed 8 pages.  The failure to timely object may affect the right to appeal.

DATED this 11th day of December, 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge