UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON MARK HART,<br><br>                Plaintiff,<br><br>    v.<br><br>CALVIN COGBURN,<br><br>                Defendant. | CASE NO. C19-01193-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Before the Court are plaintiff's motion for Rule 63(b) relief and for default judgment under Rule 55, Dkt. 53, his motion for default judgment under Rule 37, Dkt. 62, his motion to compel the defense to respond to the motions for default, Dkt. 71, his "motion for production of records, discovery," Dkt. 55, and his motion "for limited discovery", Dkt. 73. The Court recommends denying plaintiff's motion for Rule 63(b) relief and for default judgment under Rule 55, denying plaintiff's motion for default judgment under Rule 37, striking the motion to compel a response as moot, and denying both motions for discovery.

In July 2019, plaintiff filed a pro se prisoner civil rights action under 42 U.S.C. § 1983 against PMHNP Calvin Cogburn and Dr. Dan Schneeweiss. Dkt. 4. Plaintiff alleged he was involuntarily medicated in violation of the prison's policy; he was improperly placed at custody level I and was "purposefully misdiagnosed" and forced to take medication "to cover for a level

REPORT AND RECOMMENDATION - 1

1  3 grievance against Dr. Daniel Varnell at Washington State Penitentiary"; defendants used

2  excessive force and failed to complete use of force reports for each of the injections; and he was

3  harmed by the antipsychotic medications administered. *Id.*

4        On March 11, 2020, defendants filed a motion for summary judgment seeking dismissal

5  of all claims. Dkt. 19. On October 19, 2020, the Honorable Richard A. Jones partially granted

6  defendants' motion for summary judgment, Dkt. 19, and ordered: (1) all claims against Dan

7  Schneeweiss are dismissed; (2) all Fourth Amendment, Eighth Amendment, Fourteenth

8  Amendment substantive Due Process claims, and state law assault and battery claims are

9  dismissed; and (3) all claims against defendants Schneeweiss and Cogburn based upon

10 classification as custody level I are dismissed without prejudice for failure to state a claim. Dkt.

11 41. Defendant Cogburn's motion to dismiss the procedural due process claim was denied without

12 prejudice as was defendants' request plaintiff be assessed a strike under 28 U.S.C. 1915(g). *Id.*

13       On January 26, 2021, plaintiff filed a motion for Rule 63(b) relief and for default

14 judgment under Federal Rule of Civil Procedure 55. Dkt. 53. On January 28, 2021, plaintiff also

15 filed a "motion for production of records, discovery." Dkt. 55. On February 10, 2021, plaintiff

16 filed a motion for default judgment under Federal Rule of Civil Procedure 37.[1] Defendants filed

17 responses opposing these motions. Dkts. 53, 59, 63. On March 9, 2021, plaintiff filed a "motion

18 to compel defense to respond to motion for default judgment." Dkt. 71. On March 16, 2021, filed

19 a motion "for limited discovery", Dkt. 73.[2]

20 A.    **Motion for Default Judgment Under Rule 55**

21

22 [1] The Court notes that plaintiff has filed prior motions for default judgment raising similar grounds, all of which have been denied. *See* Dkts. 15, 16, 47, 69.

23 [2] The Court notes that on January 21, 2021, defendant Cogburn filed another motion for summary judgment seeking dismissal of the only remaining claim against him. Dkt. 50. That motion will be addressed in a separate report and recommendation.

REPORT AND RECOMMENDATION - 2

Plaintiff moves for default judgment under Rule 55 in which he contends:

> 18 USC Code 2071 fine and imprisonment for up to 3 years concealment, removal, and mutilation; of, as in this case, medical records, as well as fraudulent medication orders by ARNP Calvin Cogburn in Dr. Dan Schneeweiss name, and mutilation/concealment of pill line administration of medication records. This motion for default was filed on 12-7-2021, the time for response as well as dispositive motions, ie/eg summary judgment has elapsed without response or filing of "summary judgment." […]
> This being one of the most American and Patriotic Amendments which I served this country for, and was willing to give my life if necessary, was violated, the purposefully "covered up" ie/eg "concealed" ) military tactic learned as cover and concealment) ie camoflauged making it stand out like an ORANGE VEST in hunting season, to non color blinded prey/observer "out of place"/"something was wrong" the purposeful act of forged signature, by NP Cogburn under MD Schneeweiss hand then destruction of use of force reports by Sgt Meyers, Sgt Ayala, Sgt Wilmath and Sgt Carraways, the 18 US Code 20171 of Pill Line recors, in NP Sally Grosse, and NP Arica Keysers, a deliberate cover up concealment. Then defamatory statements wreak of guilt.
> The evidence is plain to see, and the plaintiff […] requests with humility the Honorable Judge Jones award requested remedy of $19,000,000.00 […] in this motion for ruling on for mentioned rules 55(b)(2)(d), 55(c), 60(B)(3) in lieu of defaulted not answering in a timely matter, and no dispute of 14th Amendment due process violation and clear and present medical misconduct, malpractice, 18 US Code 2071, and destruction of evidence as well as felonious forgery.

Dkt. 53.

Federal Rule of Civil Procedure 55(a) states "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff, again, fails to establish he is entitled to default judgment. He presents nothing showing defendants have failed to respond or properly defend. Plaintiff also appears to claim discovery violations by making allegations such as defendants engaged in "concealment, removal, and mutilation; of, as in this case, medical records, as well as fraudulent medication orders by ARNP Calvin Cogburn in Dr. Dan Schneeweiss name, and mutilation/concealment of pill line administration of medication records." Dkt. 53. But these allegations are conclusory and fail to establish a basis for relief under Rule 55. The Court accordingly concludes plaintiff is not entitled to default judgment under Rule 55 and his motion should be DENIED.

REPORT AND RECOMMENDATION - 3

1    The Court notes that plaintiff also references Federal Rule of Civil Procedure 60(b)(3) in his motion. Dkt. 53. The Court notes that plaintiff previously moved for relief under Rule 60(b)(3) and that motion was denied by order dated February 25, 2021. Dkt. 69.

Federal Rule of Civil Procedure 60(b)(3) provides for relief from a final judgment, order or proceeding, due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" In order to obtain Rule 60(b)(3) relief, plaintiff must "prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented [him as] the losing party from fully and fairly presenting [a] defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quotation omitted). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (citation omitted) "Courts possess the inherent power to vacate or amend a judgment obtained by fraud on the court." *Dixon v. Comm'r*, 316 F.3d 1041, 1046 (9th Cir. 2003) (citing *Toscano v. Comm'r*, 441 F.2d 930, 933 (9th Cir. 1971)). But, "that power is 'narrowly construed, applying only to fraud that defiles the court or is perpetrated by officers of the court'" *United States v. Chapman*, 642 F.3d 1236, 1240 (9th Cir. 2011) (quoting *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960)). Additionally, Rule 60(b)(3) "require[s] that fraud ... not be discoverable by due diligence before or during the proceedings." *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991).

To the extent plaintiff seeks relief under Rule 60(b)(3) again the motion should be denied for the same reasons it was previously denied. As with his previous motion, while plaintiff's motion is again murky and difficult to follow, plaintiff appears to once again claim discovery

REPORT AND RECOMMENDATION - 4

1   violations. Specifically, he includes allegations such as defendants engaged in "concealment,

2   removal, and mutilation; of, as in this case, medical records, as well as fraudulent medication

3   orders by ARNP Calvin Cogburn in Dr. Dan Schneeweiss name, and mutilation/concealment of

4   pill line administration of medication records." But, as with his previous motion, plaintiff's

5   allegations remain conclusory and fail to articulate the basis for the claimed wrongdoing or fraud

6   plaintiff contends compels relief under Rule 60(b)(3). Thus, to the extent plaintiff's motion seeks

7   relief again under Rule 60(b)(3), the Court again recommends that the motion be DENIED.

**B.      Motion for Default Judgment Under Rule 37**

Plaintiff also moves for default judgment pursuant to Federal Rule of Civil Procedure 37(b)(2) and 37(e). Plaintiff makes similar assertions and arguments here as those raised in his other motion for default judgment discussed above. Plaintiff states, in relevant part:

> 18 US Code 2071 mutilation, removal, concealment; 3 years in prison and a fine, a felony. Use of force reports have been requested in past, and have been "REMOVED", 18 US Code 2071. MARS "CONCLEAD" [sic] plain as day, the evidence speaks for itself. Dr. Dan Schneeweiss MD Medication orders forged (forgery) FRAUDULENTLY ordered, forgery and fraud, felonies. Removed, concealed, fraud, and forgery, silence condemns does it not? And at this point, CANNOT be RESTORED or REPLACED as the DVD of involuntary anti psychotic emergency order was AFTER "doctored" edited, deleted versions was. ALL medical and mental health records are "electronically Stored." […] No 17 in 30 before a 14 day order and hearing due to due process. […] Destruction, tampering, fraud, forgery, perjury, concealing, removing EVIDENCE &/or MEDICAL RECORDS wreaks [sic] of guilt, is a FELONY, MEDICAL MALPRACTICE, of ELECTRONICALLY STORED INFORMATION not only meets all the criterea [sic] and CANNOT be restored or REPLACED and WARRANTS a default judgment[.]"

Dkt. 62. Plaintiff also claims that defendant Cogburn was "pretending to be MD Dr. Dan Schneeweiss on 1-26-2018." *Id.*

Federal Rule of Civil Procedure 37(b)(2)(a) provides:

> If a party […] fails to obey an order to provide or permit discovery […] the court where the action is pending may issue further just orders. They may include …(vi) rendering a default judgment against the disobedient party[.]

REPORT AND RECOMMENDATION - 5

But here defendant presents evidence that plaintiff has not served any discovery requested on defendant during the course of this litigation and there are no outstanding discovery requests to which defendant Cogburn has failed to respond. Plaintiff does not appear to dispute this. Furthermore, plaintiff presents no evidence that defendants have failed to obey any Court orders directing defendants to provide or permit discovery. Accordingly, plaintiff fails to establish he is entitled to relief on this basis.

Plaintiff also cites to Federal Rule of Civil Procedure 37(e) as a basis for relief. Fed. R. Civ. P. 37(e) provides, in relevant part:

> **Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may […]
> **(C)** dismiss the action or enter a default judgment.

Again, as noted above, defendants present evidence, which plaintiff does not appear to dispute, that plaintiff has not served any discovery requests and as such no discovery requests are outstanding. Because plaintiff has not previously sought any discovery from defendant it is unclear what evidence he is referring to that has allegedly been withheld or destroyed. Nor does plaintiff articulate the basis for, or provide any facts to support, the claimed wrongdoing or fraud he contends compels relief. Accordingly, plaintiff fails to establish he is entitled to relief on this basis and the motion should be DENIED.

**C.    Motion to Compel Defense to Respond to Motion for Default Judgment**

Plaintiff has also filed a "motion to compel defense to respond to motion for default judgment." Dkt. 71. However, defendants have filed responses to plaintiff's motions for default judgment (Dkts. 53, 63). Accordingly, this motion (Dkt. 71) should be STRICKEN as moot.

REPORT AND RECOMMENDATION - 6

D. **Motions for Discovery**

On January 28, 2021, plaintiff filed a motion "for production of records, discovery." Dkt. 55. In his motion plaintiff requests:

- Use of force reports and declaration of Sergeants Meyers, Ayala, Wilmath, Caraway from 1-25-18 to 2-13-18 COA inmate Jason Mark Hart, DOC # 378403.
- MARs, plus orders by Dan Schneeweiss and Calvin Cogburn, as well as encounter reports
- COA Footage, standing video tapes from 1-24-2018 to 2-13-2018 1700 to 1700 respectively, concurrent, in one tape.

Dkt. 55. Defendants oppose the motion noting that the discovery deadline in this case expired long ago and that plaintiff had not attempted to meet and confer with defendants prior to filing his motion. Dkt. 59. On March 16, 2021, plaintiff filed a separate motion "for limited discovery" (Dkt. 73) and a supplement to the motion (Dkt. 74) in which he indicates he was unaware he had missed the discovery deadline and requests, "Limited discovery […] just the M.A.R.'s, computer-electronically saved information, used for litigation for the sake of justice." Dkt. 73. He further requests,

> very limited discovery for "proof of damages" is, I humbly request my "lab" results, 0+ man, from January 2018 to NOW, March 18th 2021, showing SPIKE in billiruben that has NEVER gone back to normal since the unlawfull [sic] "4 in 30" i.e. 17 injections of a particularly harmfull [sic], life shortening, and NEAR fatal, ie "could've been fatal" injections of "Zyprexa ie/a Olanzapine that HAS harmed me in other various ways as listed of P.M.I sheets (Patient Medication Information)[.]

Dkt. 74.

The discovery deadline in this case expired over a year ago on January 30, 2020. Dkt. 10. Thus, to the extent plaintiff's motions seek to compel discovery they are not timely nor has plaintiff certified that he attempted to meet and confer with defendant as required by Fed. R. Civ. P. 37 and LCR 37(a)(1) prior to bring such a motion. Plaintiff's requests to compel discovery may be denied on that basis alone. To the extent plaintiff is asking the Court to re-open discovery in this case, he fails to demonstrate a basis to do so at this point. Plaintiff's motions fail to explain how the discovery he seeks is necessary or relevant to the single remaining claim in this

REPORT AND RECOMMENDATION - 7

case: that defendant Cogburn violated his procedural due process rights by involuntarily administering antipsychotic medication. The Court also notes that plaintiff's complaint appears to include some of the information he seeks including numerous medical records, encounter reports or treatment notes from defendant Cogburn, and Dr. Schneeweiss, and plaintiff also appears to have received a copy of the DVD containing the video of the involuntary administration of medication during the period in question. *See* Dkts. 4, 32. Finally, the Court notes that in a separate report and recommendation, it has recommended denying defendant's motion for summary judgment on plaintiff's remaining procedural due process claim. In light of this recommendation, the discovery plaintiff seeks does not appear to be specifically necessary to defend against that motion. *See* Fed. R. Civ. P. 56(d).

Accordingly, the Court recommends that plaintiff's motions (Dkts. 55 and 73) be DENIED.

## CONCLUSION

The Court recommends plaintiff's motions for Rule 60(b)(3) relief and for default judgment under Rule 55 and Rule 37 (Dkts. 53, 62) be DENIED. Plaintiff's motion to compel defendants to respond to his default motions (Dkt. 71) should be STRICKEN as moot as defendants, in fact, filed responses. Plaintiff's motions for discovery (Dkts. 55, 73) should be DENIED.

## **OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **April 15, 2021.** The Clerk should note the matter for **April 16, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed **10** pages. The failure to timely object may affect the right to appeal.

DATED this 25th day of March, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9