UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON MARK HART,<br><br>               Plaintiff,<br>    v.<br><br>CALVIN COGBURN,<br><br>               Defendant. | CASE NO. 2:19-cv-01193-DGE-BAT<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge, Dkts. 75, and Defendant Calvin Cogburn's objections to the R&R. Dkt. 78.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

In July 2019, plaintiff filed a pro se prisoner civil rights action under 42 U.S.C. § 1983 against defendants Calvin Cogburn, PMHNP (psychiatric mental health nurse practitioner) and Dan Schneeweiss, M.D., both medical personnel at Monroe Correctional Complex ("MCC") and the Department of Corrections ("DOC"). Dkt. 4; Dkt. 75. Plaintiff's complaint alleged that

ORDER ADOPTING REPORT AND - 1

defendants violated his rights by ordering the involuntary administration of antipsychotic medication during January and February of 2018 on an emergency basis, more than twice in less than thirty days in violation of DOC policy. *Id.*

Plaintiff alleged that defendant's actions in administering involuntary antipsychotic medication violated his Fourth, Eighth, and Fourteenth Amendment (Due Process) rights under the United States Constitution and constituted assault and battery under Washington state law. *Id.*

On March 11, 2020, defendants filed a motion for summary judgment seeking dismissal of all claims. Dkt. 19. On October 19, 2020, the Honorable Richard A. Jones adopted Judge Tsuchida's report and recommendation (Dkts. 19, 34) and partially granted defendants' motion for summary judgment, ordering: (1) all claims against defendant Dan Schneeweiss dismissed; (2) all Fourth Amendment, Eighth Amendment, Fourteenth Amendment substantive Due Process claims, and state law assault and battery claims dismissed; and (3) all claims against defendants Schneeweiss and Cogburn based upon classification as custody level I dismissed without prejudice for failure to state a claim. Dkt. 41. Defendant Cogburn's motion seeking summary judgment and dismissal of the procedural due process claim against him was denied without prejudice as was defendants' request that plaintiff be assessed a strike under 28 U.S.C. § 1915(g). *Id.*

On January 21, 2021, defendant Cogburn filed a motion for partial summary judgment seeking dismissal of the remaining procedural due process claim against him. Dkt. 50.

On March 25, 2021, Judge Tsuchida issued the instant R&R, recommending that the Court deny Defendant's motion for partial summary judgment. Dkt. 75. Defendant objected to the R&R, and plaintiff filed several responses. Dkts. 78, 80, 87, 91, 92.

RECOMMENDATION - 2

## II.   STANDARD OF REVIEW

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

## III.   DISCUSSION

Cogburn first objects to the R&R's conclusion that he failed to demonstrate that plaintiff's statements did not establish, as a matter of law, that plaintiff posed an imminent and serious danger to himself or others. Dkt. 78, pp. 1-6.

The due process clause of the Fourteenth Amendment substantively protects a person's rights to be free from unjustified intrusions to the body, to refuse unwanted medical treatment, and to receive sufficient information to exercise these rights intelligently. *Benson v. Terhune*, 304 F.3d 874, 884 (9th Cir. 2002) (internal citations omitted).

Inmates possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221-222 (1990).

In the context of involuntary antipsychotic medication, substantive due process is satisfied, and a state may involuntarily treat an inmate who has a serious mental illness with antipsychotic medication, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest. *Id.* at 227. Procedural due process is satisfied if the inmate is provided with notice, the right to be present at an adversarial hearing, and the right to present and cross-examine witnesses. *Id.* at 235.

RECOMMENDATION - 3

The Ninth Circuit has noted that the procedural safeguards provided for in *Harper* may not apply in emergency situations, but also found that there was no evidence that a plaintiff who was "merely loud and uncooperative" posed such an "imminent and serious danger to himself or others" that the minimal procedural requirements of *Harper*—notice and the right to be present at and participate in a hearing—could not be met. *Kulas v. Valdez*, 159 F.3d 453, 456 (9th Cir. 1998), citing *Hogan v. Carter*, 85 F.3d 1113, 1117 (4th Cir. 1996).

Defendant argues that plaintiff exhibited severe delusions, deteriorating cognition, and threatened or attempted to murder prison staff and another inmate. Dkt. 78, pp. 1-4. Defendant argues that he followed DOC policy regarding the administration of involuntary antipsychotic medication and sufficiently established that plaintiff was an imminent danger to himself and others to merit an emergency exception to the procedural due process requirements set forth in *Harper*. *Id.* In arguing that plaintiff posed an imminent danger to himself and others, defendant relies on substantially the same evidence Judge Tsuchida found insufficient to warrant summary judgment. Dkt. 50, pp. 5-8; Dkt. 75, pp. 15-17; Dkt. 78, pp. 2-5.

The R&R concluded that while plaintiff had a "significant" mental health history and allegedly made several "concerning" statements to prison staff, these statements did not establish the plaintiff posed such an imminent and serious danger to himself or others that the minimal procedural requirements of *Harper* could not be met. Dkt. 75, p. 12-17.

The Court agrees with the R&R's conclusion. In his objections to the R&R, defendant presents no evidence that plaintiff actually attempted to kill another inmate, beyond plaintiff's own apparent statement to this effect, and the relevant treatment note, authored by Arthur G. Davis, Ph.D. on February 5, 2018, reveals that plaintiff's alleged statement regarding a fellow inmate occurred several months prior to the administration of the emergency involuntary

RECOMMENDATION - 4

antipsychotic medication in question, and that plaintiff asked to be prosecuted for his actions. Dkt. 4, p. 47; Dkt. 20, p. 4; Dkt. 75, p. 15.

Plaintiff denies that he threatened to kill prison staff, and treatment records indicate that his alleged statements that he could not promise he would not murder staff "in context of involuntary antipsychotic injection about to be administered" may have stemmed in part from his belief that antipsychotic medications made him homicidal in the past. Dkt. 4-1, p. 2; Dkt. 20, p. 28; Dkt. 52, p. 2.

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). A genuine dispute concerning a material fact is presented when there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Here, there remains a genuine dispute concerning what statements, if any, plaintiff made to other inmates and prison staff, and whether those statements, considered in context, established that plaintiff posed an imminent and serious danger to himself or others sufficient to warrant an emergency exception to the procedural requirements set forth in *Harper*.

The Court therefore adopts the R&R as to this issue.

RECOMMENDATION - 5

Defendant also argues that he is entitled to qualified immunity from damages. Dkt. 78, p. 6. Defendants in a Section 1983 action are entitled to qualified immunity from damages unless a plaintiff can establish that the official in question violated a federal statutory or constitutional right, and -- at the time of the alleged act or failure to act there was clearly established law that defined the contours of the federal right objectively putting the official(s) on notice – i.e., every reasonable official would understand that what they are doing is unlawful. *Escondido v. Emmons*, 139 S.Ct. 500 (2019); *District of Columbia v. Wesby*, 138 S.Ct. 577, 589 (2018).

When qualified immunity is reviewed in the context of a defense motion for summary judgment, the evidence must be considered in the light most favorable to the plaintiff with respect to central facts. *Tolan v. Cotton,* 572 U.S. 650, 657 (2014) (per curiam). If there is a genuine issue of material fact concerning both: (1) Whether it would be clear to a reasonable officer that their conduct was unlawful under the circumstances they confronted, and (2) Whether the defendant's conduct violated a constitutional right" then summary judgment granting qualified immunity is not appropriate. *Bonivert v. City of Clarkston,* 883 F.3d 865, 871-72 (9th Cir. 2018).

Defendant argues that plaintiff posed an imminent danger to himself and others, that there is no evidence that defendant Cogburn violated a clearly established constitutional right, and that a reasonable medical provider would likely have concluded that Hart received all the due process he was constitutionally due under the circumstances. Dkt. 78, p. 6.

As discussed above, there remains a genuine dispute concerning whether plaintiff posed an imminent danger to himself and others. Defendant makes a conclusory argument that he did not violate a clearly established constitutional right held by plaintiff. However, the Court agrees with the R&R's conclusion that the liberty interest of inmates in avoiding the unwanted

RECOMMENDATION - 6

administration of antipsychotic drugs, the procedural requirements for the administration of such drugs, and the emergency exception to these requirements inferred by the Ninth Circuit were all clearly established at the time of the events giving rise to plaintiff's claims. Dkt. 75, p. 19; *Washington v. Harper*, 494 U.S. 210, 221-222, 233, 235 (1990); *Kulas v. Valdez*, 159 F.3d 453, 456 (9th Cir. 1998). Accordingly, the Court adopts the R&Rs conclusion regarding qualified immunity.

## IV.   ORDER

Having reviewed the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, any objections or responses to that, and the remaining record, the Court finds and ORDERS:

(1) The Court ADOPTS the Report and Recommendation.

(2) Defendant's motion for partial summary judgment (Dkt. 50) is DENIED with prejudice.

(3) Plaintiff's motions to rule on summary judgment objections (Dkts. 84, 89, 98, 99) are STRICKEN as moot.

(4) The Clerk is directed to send copies of this Order to the parties and to Judge Tsuchida.

(5) The parties shall submit a joint status report regarding trial availability and trial length within thirty days of the entry of this Order.

Dated this 8th day of November, 2021.

David G. Estudillo
United States District Judge